# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAY WILBURN PAYN, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1089-D |
| | ) | |
| GERALD E KELLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are four separate Motions to Dismiss [Doc. Nos. 26 (as to
Defendants James Lee and Marilyn Ramsey, Joe Leroy Payn, John (Bill) Shapard, Stan
Malaske, Richard C. Labarthe, and Shapard Research, LLC) ("Ramsey Motion"), 29 (as to
Defendant Paula Enix) ("Enix Motion"), 38 (as to Defendants Richard L. Andeel, CPA and
Andeel, P.C.) ("Andeel Motion"), and 40 (as to Defendants Gerald E. Kelley, individually,
Gerald E. Kelley, Notary Public, Gerald E. Kelley, LLC, Gerald E. Kelley, Trustee of the
Kelley & Kelley, P.C. Profit Sharing Trust, Kelley & Kelley, P.C., and Kelley, Kelley, &
Gregory) ("Kelley Motion") (collectively, "Motions").[1]  The moving defendants (hereafter
collectively, "Moving Defendants") seek dismissal on several grounds, foremost being lack
of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] Plaintiff's Complaint names numerous defendants in their personal and professional capacities,
including related entities (whether supposed or actual), and by "interchangeable names," a/k/a's, and d/b/a's.
*See* Compl. [Doc. No. 1].

*See* Fed. R. Civ. P. 12(b)(1) and (b)(6) and Motions [Doc. Nos. 26, 29, 38, and 40].[2]

Plaintiff Ray Wilburn Payn, who appears *pro se*, has responded in opposition to the Motions, which are fully briefed and at issue.[3]

Because a federal court must determine that jurisdiction exists as a threshold matter before considering the merits of a case, presently the Court need only address the first of Moving Defendants' primary grounds for dismissal. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("jurisdiction generally must precede merits in dispositional order"); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("jurisdiction [must] be established as a threshold matter"). Upon consideration, the Court finds the case should be dismissed for lack of subject matter jurisdiction.

Plaintiff's Complaint lists the following as the Court's jurisdictional bases:

> 2014 Oklahoma Statutes Title 58-293 Probate Procedures, Complaint on Embezzlement – Citation and the: Uniform Fraudulent Transfer Act (UFTA) and Quit Claim Deeds; US PATRIOT ACT, 2005; Federal Fraud Laws (18 U.S.C. 1341); RICO (18 U.S.C. 1961 *et seq.*); (18 U.S.C. 371); (18 U.S.C.

---

[2]  Defendants also assert the Complaint fails to: (1) adhere to the "short and plain statement" requirement of Fed. R. Civ. P. 8(a) and 9(b); (2) plead diversity; or (3) contain a substantial question of federal law. *See* Compls. [Doc. Nos. 26, 29, 38, 40]. Defendants further assert that Plaintiff's fraud claims fall outside the statute of limitations, and that Plaintiff made improper service (Fed. R. Civ. Pro. 12(b)(5)) and failed to consult a qualified expert as required by 12 O.S. § 19.1(A). *See id.* However, the Court must first address the jurisdictional basis of Plaintiff's suit. *See Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("It is elementary that the court's first duty is to determine its jurisdiction to entertain and decide a case on its merits.").

[3] Defendant Paula Enix has filed a reply brief [Doc. No. 54], as have Defendants Gerald E. Kelley, individually, Gerald E. Kelley, Notary Public, Gerald E. Kelley, LLC, Gerald E. Kelley, Trustee of the Kelley & Kelley, P.C. Profit Sharing Trust, Kelley & Kelley, P.C., and Kelley, Kelley, & Gregory [Doc. No. 60].

1001); (18 U.S.C. 1028); (18 U.S.C. 656, *et seq*.); 26 U.S.C.
7201, 7203, 7206 (1), *et seq*. (Association of Certified Fraud
Examiners, ACFE, The Fraud Trail)[.]

*See* Compl. [Doc. No. 1] at 1. Plaintiff does not assert diversity jurisdiction, therefore the

Court interprets Plaintiff's Complaint as seeking jurisdiction solely under 28 U.S.C. §§ 1331

(federal question) and 1367 (supplemental). Moving Defendants contend that "none of

[Plaintiff's] claimed jurisdictional bases actually confer jurisdiction on this Court." *See*, *e.g.*,

Ramsey Motion [Doc. No. 26] at 7. Plaintiff incorrectly argues in response that "[t]he

burden [now] shifts to the Court to [p]rove jurisdiction" (*see* Plaintiff's Response and

Objection [Doc. No. 42]),[4] and that dismissal of the case at this early stage would "eliminate

due process before the requested 'subpoenaed' and 'summoned' documents are reviewed by

this Court and the plaintiff." *See* Plaintiff's Opposition to Defendants Motion [Doc. No.

50].[5]

---

[4] "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. [Therefore,] Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction." *Shoate v. Cloumbia Ins. Grp.*, No. 09-CV-274-CVE-PJC, 2009 WL 1372978, at *1 (N.D. Okla. May 14, 2009) (citing *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir.2005); *Penteco Corp. Ltd. Partnership–1985A v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991); *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.")).

[5] Plaintiff prematurely requests disclosure of "names and contact information of all insurance companies that may have individual, professional, and/or joint liability for claims within this action." *See* Motion to Compel [Doc. No. 47]. Rule 26(a)(1)(C) directs initial disclosures to be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). Likewise, Plaintiff seeks premature discovery from "Attorney, Richard C. Labarthe." *See* Application [Doc. No. 53]. Rule 26(d)(1) prohibits parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The record does not reflect that the parties have held a Rule 26(f) conference. Further, LCvR 26.3 states that, absent a stipulation or court order, discovery may not begin
(continued...)

## Standard of Decision

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept the well-pled allegations as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Holt v. United States*, 46 F. 3d 1000, 1002 (10th Cir. 1995); *see also Paper, Allied-Industrial, Chemical & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F. 3d 1285, 1292-93 (10th Cir. 2005); *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001). Defendants' Motions present facial attacks to the sufficiency of Plaintiff's Complaint to establish a basis for subject matter jurisdiction.

## Discussion

For federal courts to exercise original jurisdiction based upon a federal question, Plaintiff's Complaint must present a controversy "arising under the Constitution, laws, or

---

⁵(...continued)
while a motion to dismiss is pending.

treaties of the United States." 28 U.S.C. § 1331. Further, original jurisdiction is a prerequisite to the existence of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

Plaintiff's first two jurisdictional grounds, 58 O.S. § 293 and 24 O.S. §§ 112-123, are state statutes which can be subject to federal jurisdiction only under 28 U.S.C. § 1367(a), a provision which requires the presence of original jurisdiction and, thus, is not sufficient as a jurisdictional ground in and of itself. Plaintiff's third stated ground, "Quit Claim Deeds," is not a recognized jurisdictional basis.

Plaintiff next lists the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("Patriot Act") as a ground for federal jurisdiction. *See* PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 (2001). The Patriot Act does recognize a limited number of private rights of action (*see e.g.,* 18 U.S.C. § 2712), however, Plaintiff fails to plead a cognizable claim under any such section. Although the Court must liberally construe a *pro se* litigant's pleadings, it is under no obligation to construct legal arguments on Plaintiff's behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Therefore, the Patriot Act does not confer jurisdiction in the instant case.

Plaintiff finally lists numerous other criminal statutes, the majority of which do not permit a private right of action. *See* 18 U.S.C. §§ 371, 656 *et seq*., 1001, 1028, 1341, and 26 U.S.C. §§ 7201, 7203, 7206(1) *et seq.* Although the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.,* does provide a private civil right of action, Plaintiff fails to state a cognizable claim under RICO's narrow confines.[6]

## Conclusion

For these reasons, the Court finds that it lacks subject matter jurisdiction regarding Plaintiff's claims. The Court further finds, however, that Plaintiff should have an opportunity to file an amended pleading to assert a claim within this Court's jurisdiction if he can do so consistent with the limitations set forth in Fed. R. Civ. P. 11. If Plaintiff fails to file an amended complaint as set forth herein, this action will be subject to dismissal without prejudice to refiling, without further notice to Plaintiff.

IT IS THEREFORE ORDERED that the Moving Defendants' Motions [Doc. Nos. 26, 29, 38, and 40] are GRANTED, as set forth herein. Plaintiff is authorized to file an amended complaint within 14 days from the date of this Order.

IT IS SO ORDERED this 2nd day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] A "civil RICO claimant[] must set forth with particularity the predicate acts [he] allege[s] give rise to a cause of action." *Indianapolis Hotel Inv'rs, Ltd. v. Aircoa Equity Interests, Inc.*, 733 F. Supp. 1406, 1407 (D. Colo. 1990) (quoting *Cayman Exploration Corp. v. United Gas Pipeline Co.*, 873 F.2d 1357, 1362 (10th Cir. 1989) (further citations omitted).