IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RAY WILBURN PAYN,                          )
                                           )
                    Plaintiff,             )
                                           )
v.                                         )   Case No. CIV-15-1089-D
                                           )
GERALD E KELLEY, *et al.*,                 )
                                           )
                    Defendants.            )


**O R D E R**

Before the Court are a number of substantively and procedurally infirm filings by *pro*

*se* Plaintiff, Ray Wilburn Payn.  The Court addresses herein several such filings and again

urges Plaintiff to "familiariz[e] himself with [and adhere to] the Federal Rules of Civil

Procedure, the Local Rules of the Western District of Oklahoma, and this Court's chambers

rules."  *See* Order, Oct. 21, 2015 [Doc. No. 24] at *1, n.1 (citing *Spencer v. Cumulus*

*Broadcasting, LLC*, No. 07-cv-02173-REB-BNB, 2008 WL 2751339 at *1, n.1 (D. Colo.

July 11, 2008) (further citations omitted)).  The Court reminds Plaintiff that the Federal Rules

of Civil Procedure are designed to "secure the just, speedy, and inexpensive determination

of every action and proceeding."  Fed. R. Civ. P. 1.  By the filing of superfluous,

procedurally infirm, and often unintelligible motions and papers, Plaintiff has significantly

frustrated the purpose of the Federal Rules of Civil Procedure.  Plaintiff is cautioned to limit

his future filings to those necessary and pertinent to the issues at hand, as "'[f]ederal courts

have the inherent power to regulate the activities of abusive litigants by imposing carefully

tailored restrictions in appropriate circumstances.'" *In re Raiser*, 293 F. App'x 619, 620

(10th Cir. 2008) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir.2007).[1]

To begin, Plaintiff filed two separate Entries of Appearance [Doc. Nos. 4, 19] in the

present case. Both entries attempt to represent deceased persons and multiple business

entities[2] in contravention of LCvR 17.1.[3] Because a *pro se* Plaintiff can only represent

himself, the Court construes both Entries of Appearance [Doc. Nos. 4, 19] to pertain only to

*pro se* Plaintiff, Ray Wilbur Payn.

Additionally, Plaintiff filed an "Objection to Entry of Appearance of the Law Offices

of Green/Johnson/Mumina Legal Counsel for Gerald E. Kelley, *et al.*" [Doc. No. 43] on

October 28, 2015. As no matching entry of appearance was ever filed in the present case,

and, further, because the objection actually purports to seek injunctive and monetary relief

under the guise of an objection to an entry of appearance, Plaintiff's Objection [Doc. No. 43]

is hereby STRICKEN.

---

[1] The "multiplicity, frequency, and frivolous content of [Plaintiff's] filings" are factors the courts consider when determining whether Plaintiff is deemed an abusive litigant. *Id.* at 621.

[2] *See* Entry of Appearance [Doc. No. 4] at 2 ("[O]n behalf of my biological parents: Wilbur Noel Payn (Deceased, 12-31-2006) and Mary Elizabeth (June) Albright Payn (Deceased, 2-27-1995); Their estate; original grantors of [t]heir 1994 Payn Family Trust , "Irrevocable," Ray/Payn, Trustee/Successor Trustee; Wilbur Payn and Mary Payn's other confiscated business entities and interests, et al.; and the non-payments-underpayments to Stockholders in Eastwood Development Corporation, Ray Payn, Presiding President."); *see also* Entry of Appearance [Doc. No. 19] at 1 ("[O]n behalf of my biological parents: Wilbur Noel Payn (deceased, 12-31-2006) and Mary Elizabeth (June) Albright Payn (deceased, 02-27-1995), Grantor/Settlor, of their – 1994 Payn Family Trust, Irrevocable, Ray Payn Trustee . . . .").

[3] Parties who are not natural persons may not appear *pro se*. LCvR 17.1.

On October 19, 2015, Plaintiff filed a Notice of Pendency Action [Doc. No. 21] in this Court, citing "12 O.S. 2004-2" as authority. *See id.* [Doc. No. 21] at 2. This Court is an improper forum for such filing if Plaintiff was desiring to file a notice of record pursuant to 12 O.S. § 2004.2, which provides that a notice need be "filed of record in the office of the county clerk of the county wherein the land is situated." *See id.* § 2004.2(A)(1). Therefore, Plaintiff's Notice of Pendency Action [Doc. No. 21] is hereby STRICKEN.

Plaintiff also filed an "Exhibit Listing #1" [Doc. No. 22] on October 19, 2015. The purpose of this filing is unclear, and Plaintiff seeks no discernable relief as a result of the filing. Therefore, Plaintiff's Exhibit List #1 [Doc. No. 22] is hereby STRICKEN.

Plaintiff filed two letters [Doc. Nos. 23, 44] with the Court, both addressed to the presiding judge. As stated in a previous Order dated Oct. 21, 2015, which addressed Plaintiff's first letter, personal letters are "improper vehicle[s] for the relief [Plaintiff] request[s]." *See* Order [Doc. No. 24] at 1, n.1. Therefore, Plaintiff's second letter [Doc. No. 44] is hereby STRICKEN, and the Court strongly cautions Plaintiff against similar filings in the future.

Plaintiff filed a document entitled "No Appearance for the Individual, Richard L. Andeel" [Doc. No. 45] on Oct. 29, 2015 regarding attorney Elizabeth R. Sharrock's special appearance on behalf of Richard L. Andeel, CPA and Andeel, P.C. [Doc. No. 36]. Plaintiff's filing [Doc. No. 45] is superfluous and unintelligible at best, and is hereby STRICKEN.

Plaintiff filed two Motions to Clarify or Correct Court Record [Doc. Nos. 51, 66].

Unless asking for an order of the Court, a Motion is inappropriate and unnecessary. *See* Fed.

R. Civ. P. 7(b). In part, these filings acknowledge past failures by Plaintiff to adhere to the

applicable rules of procedure, and the Court appreciates Plaintiff's acknowledgment.

However, these filings seek no cognizable relief, and both Motions [Doc. Nos. 51, 66] are

hereby DENIED.

Additionally, Plaintiff filed a Motion to Compel [Doc. No. 47] and a Motion for

Issuance of Subpoena Duces Tecum [Doc. No. 53]. As these Motions were filed prior to the

parties' ability under the rules to conduct discovery, Plaintiff's requests are premature.[4]

Accordingly, both Motions [Doc. Nos. 47, 53] are DENIED. In connection with these two

Motions, Plaintiff also filed a "Motion for Order Sealing Document and Directing the Filing

of Redacted Documents" [Doc. No. 49]. In this Motion, Plaintiff requests the following

documents be sealed because they contain personal information: "exhibit #5, *Payable on*

*Death Beneficiary Designation – Bank of Oklahoma*; *Debt Modification Agreement* attached

to 'Application for Issuance of Subpoena Duces Tecum;' Exhibit 1, 2, 3 . . . and all *Arvest*

---

[4] Former Rule 26(a)(1)(C) directed that initial disclosures were to be made "at or within 14 days after the parties' Rule 26(f) conference." Fed. R. Civ. P. 26(a)(1)(C). In a previous Order, the Court stated that Plaintiff's requests for "disclosure of 'names and contact information of all insurance companies that may have individual, professional, and/or joint liability for claims within this action'" were premature. *See* Order [Doc. No. 75] at 3, n.5 (quoting Plaintiff's Motion to Compel [Doc. No. 47]). The Court continued – "Likewise, Plaintiff seeks premature discovery . . . . Rule 26(d)(1) prohibits parties from seeking 'discovery from any source before the parties have conferred as required by Rule 26(f).' The record does not reflect that the parties have held a Rule 26(f) conference. Further, LCvR 26.3 states that, absent a stipulation or court order, discovery may not begin while a motion to dismiss is pending." *Id.* (quoting Fed. R. Civ. Pro. 26(d)(1)).

*Bank Documents* containing passwords, social security numbers, and all other sensitive data on documents in this case." *See* Motion [Doc. No. 49].  A search of the record shows the above documents to be exhibits attached to Plaintiff's Motion to Compel [Doc. No 47], Plaintiff's Response in Opposition [Doc. No. 48], and Plaintiff's Motion for Issuance of Subpoena Duces Tecum [Doc. No. 53].  For good cause shown, Plaintiff's Motion to Seal Documents [Doc. No. 49] is GRANTED, and the subject documents shall be sealed.  Further, pursuant to Rule 5.2, Plaintiff is directed to file redacted versions of all exhibits attached to Plaintiff's Motion to Compel [Doc. No 47], Plaintiff's Response in Opposition [Doc. No. 48], and Plaintiff's Motion for Issuance of Subpoena Duces Tecum [Doc. No. 53] within seven (7) days of this Order.  *See* Fed. R. Civ. P. 5.2.

IT IS SO ORDERED this 14th day of December, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE