IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RAY WILBURN PAYN,            )
                             )
    Plaintiff,               )
                             )
v.                           )   Case No. CIV-15-1089-D
                             )
GERALD E. KELLEY, *et al.*,  )
                             )
    Defendants.              )

**O R D E R**

Pursuant to a December 2, 2015 Order of the Court [Doc. No. 75] dismissing Plaintiff's claims for lack of subject matter jurisdiction, Plaintiff Ray Wilburn Payn, appearing *pro se*, filed an Amended Complaint [Doc. No. 77]. Before the Court are five separate motions to dismiss [Doc. Nos. 80, 81, 82, 83, and 88][1] (collectively, "Motions"). The moving defendants (hereafter collectively, "Moving Defendants") ask the Court to dismiss the action for several reasons, lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) being foremost among them.[2] Plaintiff has failed to respond to any of the

---

[1] Doc. No. 80 was filed on behalf of Defendants Richard L. Andeel, CPA and Andeel, P.C. Doc. No. 81 was filed on behalf of Defendants Gerald E. Kelley, individually, Gerald E. Kelley, Notary Public, Gerald E. Kelley, LLC, Gerald E. Kelley, Trustee of the Kelley & Kelley, P.C. Profit Sharing Trust, Kelley & Kelley, P.C., and Kelley, Kelley, & Gregory. Doc. No. 82 was filed on behalf of Defendants Paula Enix and Joe "Smokey" McKinney. Doc. No. 83 was filed on behalf of Defendants James Lee and Marilyn Ramsey, Joe Leroy Payn, John (Bill) Shapard, Stan Malaske, Richard C. Labarthe, Shapard Research, LLC, and Sandra Shapard. Doc. No. 88 was filed on behalf of Defendant Janice Doerge.

[2] Federal courts must determine whether jurisdiction exists as a threshold matter before considering the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("jurisdiction generally must precede merits in dispositional order"); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("jurisdiction [must] be established as a threshold matter"). Therefore, the Court need not address Moving Defendants' additional reasons for dismissal.

Motions, and the time has elapsed for him to do so.³ Therefore, the matter is ripe for consideration.

Plaintiff's Amended Complaint seeks to "assert a claim within the Court's presence for original jurisdiction" through the Fourteenth Amendment's Equal Protection Clause and 42 U.S.C. § 1985, alleging a conspiracy to interfere with Plaintiff's civil rights. Pl.'s Am. Compl. [Doc. No. 77] at 1. Plaintiff also alleges "original jurisdiction arising under constitutional human rights violations and NOT solely on . . . 28 U.S.C. [§§] 1331, 1367(a), 58 O.S. [§] 293 and 24 O.S. [§§] 112-123." *Id.* at 5. Additionally, Plaintiff cites the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act ("PATRIOT Act"), Pub. L. No. 107-56, 115 Stat. 272 (2001), as a ground to obtain bank records from Arvest Bank.⁴ *See id.* at 6. Finally, Plaintiff alleges Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, violations committed by the defendants. *See id.* at 9. Moving Defendants dispute the sufficiency of Plaintiff's jurisdictional allegations, and ask the Court to dismiss the action based upon a lack of subject matter jurisdiction. Pursuant to LCvR 7.1(g)⁵ and Plaintiff's failure to respond to the Motions, the Court deems the Motions confessed.

---

³ "Each party opposing a motion shall file a response within 21 days after the date the motion was filed. Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed. The court may shorten or lengthen the time in which to respond." LCvR 7.1(g).

⁴ Plaintiff alleges his claim under this Act is proper because "defendant Paul [*sic*] Enix, Arvest Bank Branch Manager gave [him] a copy of the US Patriot Act (2005) with his DEPOSIT AGREEMENTS . . . on two different occasions." Pl.'s Am. Compl. [Doc. No. 77] at 6.

⁵ *See supra* note 3.

Accordingly, the Court GRANTS Moving Defendants' Motions [Doc. Nos. 80, 81, 82, 83, and 88], and hereby dismisses the present action without prejudice to refiling.[6]

IT IS SO ORDERED this  14th  day of April, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[6] *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir.2006) ("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice."); *Martinez v. Richardson,* 472 F.2d 1121, 1126 (10th Cir.1973) ("It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of [plaintiff's] claim must be without prejudice.").