# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAY WILBUR PAYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-1089-D |
| | ) | |
| GERALD E. KELLEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are several Motions to Dismiss Plaintiff's Amended Complaint [Doc. Nos. 80, 81, 82, 83, and 88].[1] Plaintiff's original Complaint [Doc. No. 1] was dismissed for failure to assert a claim within this Court's jurisdiction [Doc. No. 75].[2] Plaintiff's Amended Complaint [Doc. No. 77], which does little more than add two conclusory allegations, fails to correct the defects in the original. Accordingly, Plaintiff's Amended Complaint is dismissed without prejudice.

## STANDARD

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter

---

[1] Defendants' Motions were originally granted and judgment entered in their favor on April 4, 2016. *See* Order and Judgment, Apr. 2, 2016 [Doc. Nos. 90 and 91]. Subsequently, however, the Court granted Plaintiff's Motion to Alter or Amend Judgment [Doc. No. 92], allowing Plaintiff additional time to respond to Defendants' Motions. *See* May 26, 2016 Order [Doc. No. 104] at 1.

[2] Plaintiff's original Complaint listed the following jurisdictional bases: OKLA. STAT tit. 58, § 293; OKLA. STAT. tit. 24, §§ 112-123; the PATRIOT Act, Pub. L. No. 107-56, 115 Stat. 272 (2001); and numerous other criminal statutes which do not permit a private right of action. To the extent Plaintiff re-asserts any of these bases in his Amended Complaint, the Court declines to re-address them.

jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U. S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). If the motion challenges only the sufficiency of the plaintiff's jurisdictional allegations, a district court must confine itself to the pleadings and accept all well-pled allegations as true. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013); *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 264 F.3d 1297, 1303 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Defendants' Motions present facial attacks to the sufficiency of Plaintiff's Amended Complaint to establish a basis for subject matter jurisdiction.

## DISCUSSION

Plaintiff's Amended Complaint newly alleges conspiracy in violation of the Fourteenth Amendment and 42 U.S.C. § 1985.[3] In support of his allegations, Plaintiff contends that Defendants took unspecified assets "under the premise of being 'family, friends, and fiduciaries,'. . . . created relationships for control, monetary gains, tax shelters, [and to] confiscate assets, [while making Plaintiff] responsible for the liabilities," and "forged

---

[3] Plaintiff also requested that an "attorney and prosecutor" be appointed by the Court pursuant to "due process under the applicable laws of the United States Constitution." Am. Compl. [Doc. No. 77] at 3-4 n.4. However, it is well established that no constitutional right to appointed counsel exists in civil cases. *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). However, the Court may, in its discretion, appoint an attorney to an indigent plaintiff. *See* 28 U.S.C. § 1915(e)(1). Plaintiff does not contend that he cannot afford counsel, but rather that he is "unable to find a reputable attorney in Oklahoma" because the attorneys he has spoken to "either said they 'do not sue other attorneys,' or cite a 'conflict of interest,'" or lead Plaintiff to believe they will take the case, but then do not. Am. Compl. [Doc. No. 77] at 3-4 n.4. Accordingly, Plaintiff's request for appointed counsel is denied.

[his] name to fit their schemes." Am. Compl. [Doc. No. 77] at 2, 3. In a later footnote, Plaintiff adds that certain Defendants filed a dissolution of Eastwood Development Corporation without his signature.[4] *See* Am. Compl. [Doc. No. 77] at 12 n.3.

Plaintiff's conclusory allegations fall short of stating an actionable claim under either the Fourteenth Amendment or 42 U.S.C. § 1985. *See Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"). Because "Plaintiff has no cause of action directly under the United States Constitution," *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), the Court looks to Plaintiff's allegations under 42 U.S.C. § 1985.

Subsection (1) of § 1985 provides a right of action for conspiracy to prevent an officer of the United States, who Plaintiff has not claimed to be, from performing his duties. *See* 42 U.S.C. § 1985(1). Subsections (2) and (3) provide causes of action for conspiracy to interfere with a person's civil rights accompanied by some racial or otherwise class-based discriminatory animus. *See Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015). "The other 'class-based animus' language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citation omitted). Here, the Amended Complaint fails to allege any facts demonstrating a racial or class-based animus, and must

---

[4] Plaintiff lists an unidentified exhibit as support for his claim. Despite Plaintiff's *pro se* status, the Court cannot take on the responsibility of serving as Plaintiff's attorney in searching the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

be dismissed. *See Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) ("[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985.").

## CONCLUSION

Therefore, because Plaintiff alleges no adequate facts to support his conspiracy claims under 42 U.S.C. § 1985, he has also failed to state a claim under the Fourteenth Amendment. Accordingly, the Court finds such claims should be dismissed for lack of subject matter jurisdiction. Additionally, because Plaintiff has already amended once, and did not request leave to amend in his response brief, the Court finds that further amendment would be futile.[5]

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss [Doc. Nos. 80, 81, 82, 83, and 88] are hereby GRANTED and Plaintiff's Amended Complaint [Doc. No. 77] is DISMISSED without prejudice. A separate judgement will be entered accordingly.

Having granted this Order in favor of Defendants, the Court further finds that Plaintiff's Motion for Relief Pursuant to Rule 60 [Doc. No. 115] and Motion to Unseal and Unredact [Doc. No. 135] are hereby DENIED as moot.

---

[5] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)).

4

IT IS SO ORDERED this 29th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE